UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JAN 15 A 1: 5
U.S. DISTRICT COURT
HARTFORD, CT.

DUANE ZIEMBA                    :
                                :           PRISONER
         v.                     :   Case No. 3:02CV2185(DJS)
                                :
JOHN J. ARMSTRONG, et al.¹      :

### RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Duane Ziemba ("Ziemba") is an inmate currently confined at the Northern Correctional Institution in Somers, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. Ziemba alleges that the defendants failed to ensure that he would receive his mental health medication while he was being transported from Nevada to Connecticut. He also alleges that the defendants failed to remedy the conditions of his confinement in Nevada as an act of retaliation for filing lawsuits against Connecticut correctional officials. The defendants have filed a motion to dismiss the amended complaint. For the reasons that follow, the defendants' motion is denied.

---

[1]The named defendants in the amended complaint are John Armstrong, Jack Tokarz, Lynn Milling and Fred Levesque.

I.   <u>Standard of Review</u>

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Thomas v. City of N.Y.</u>, 143 F.3d 31, 37 (2d Cir. 1998).  Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  <u>See</u> <u>Tarshis v. Riese Org.</u>, 211 F.3d 30, 35 (2d Cir. 2000); <u>Cooper v. Parsky</u>, 140 F.3d 433, 440 (2d Cir. 1998).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." <u>Branham v. Meachum</u>, 77 F.3d 626, 628 (2d Cir. 1996) (quoting <u>Grant v. Wallingford Bd. of Educ.</u>, 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993).  The Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

II.  <u>Facts</u>

The court accepts as true the following allegations taken from the amended complaint.

Ziemba was confined in a Nevada state correctional facility, from January 2000 until March 2002, pursuant to an agreement under the Interstate Corrections Compact.  While in Nevada, Ziemba received mental health treatment in the form of the drug Paxil.  On February 20, 2002, prior to his transfer back to Connecticut, Ziemba wrote to each defendant expressing his need for continued mental health treatment.

On March 10, 2002, Ziemba was placed in transport.  He was not given Paxil during the three weeks transportation period.  Instead, the medication was mailed to his mother.  As a result of the denial of medication, he suffered withdrawal, panic attacks, pain similar to a heart attack, difficulty breathing and profuse sweating.  In addition, Ziemba's pain and emotional distress were intensified by his fear of flying.

Ziemba also informed the defendants about the conditions of his confinement in Nevada.  The defendants failed to take action to improve Ziemba's living conditions in retaliation for the many lawsuits he filed against Connecticut correctional officials.

III. Discussion

The defendants' motion to dismiss is directed only to the denial of medication claim. They do not address the retaliation claim. The defendants raise three grounds in support of their motion to dismiss: (1) Ziemba fails to allege facts demonstrating the personal involvement of the defendants, (2) Ziemba did not suffer a physical injury as required under the Prison Litigation Reform Act, and (3) the defendants are protected by qualified immunity.

A. Personal Involvement

The defendants first argue that Ziemba fails to allege facts to support a claim of supervisory liability.

"A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." Leonard v. Poe, 282 F.3d 123, 140 (2d Cir. 2002). Section 1983 imposes liability only on the official causing the violation. Thus, the doctrine of respondeat superior is inapplicable in section 1983 cases. See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).

> [A] supervisor may be found liable for his deliberate indifference to the rights of others by his failure to act on information indicating unconstitutional acts were occurring or for his gross negligence in failing to supervise his subordinates who commit such wrongful acts, provided that the plaintiff can show an affirmative causal link

4

>     between the supervisor's inaction and [his]
>     injury.

Leonard, 282 F.3d at 140.

Liberally construing the amended complaint, as the court must when reviewing a motion to dismiss, Ziemba appears to allege that, although he informed the defendants of his need for mental health treatment, they failed to ensure that the individuals transporting Ziemba from Nevada to Connecticut provided him with his medication. If Ziemba can prove these allegations, he would be able to establish supervisory liability on the theory that the defendants were responsible for the transport policy that denied him the medication. Accordingly, the defendants' motion to dismiss is denied on this ground.

B.   Physical Injury

The defendants next argue that Ziemba fails to allege that he suffered a physical injury as a result of the defendants' actions.

Pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) was amended to provide: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The term "physical injury" is not defined in the statute. The courts, however, have interpreted the term to mean an injury that

is more than *de minimis*, but not necessarily significant.  See Leon v. Johnson, 96 F. Supp. 2d 244, 248 (W.D.N.Y. 2000) (citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)).

There are few reported decisions considering the physical injury requirement in connection with the denial of medication. The Western District of New York granted summary judgment where the inmate established no concrete harm and presented no evidence that he suffered any adverse effects as a result of a delay in providing medication.  See id.  Another court dismissed as frivolous under the Eighth Amendment a claim based upon an alleged delay in receiving medication where the inmate "allege[d] no ill-effects of not receiving it." Franklin v. Gilless, 870 F. Supp. 792, 796 (W.D. Tenn. 1994).

Here, Ziemba challenges the denial of his mental health medication for three weeks.  He alleges that, as a result of the denial, he suffered withdrawal, panic attacks, pain similar to a heart attack, difficulty breathing and profuse sweating.[2] Construing these allegations in the light most favorable to

---

[2] Ziemba also argues that physical injuries that are the subject of other lawsuits satisfy the physical injury requirement.  This argument is incorrect.  The physical injury must be caused by the actions of the defendant that give rise to the action.  See Purvis v. Johnson, 2003 WL 22391226 (5th Cir. Oct. 21, 2003) (dismissing pursuant to section 1997e(e) action against correctional officer for post-assault conduct only, where only physical injuries alleged were sustained in the assault).

Ziemba, the court cannot conclude, at this time, that Ziemba will be unable to present evidence demonstrating more than a *de minimis* injury as a result of the denial of his mental health medication. Thus, the defendants' motion to dismiss is denied without prejudice on this ground.

C.  Qualified Immunity

Finally, the defendants argue that they are protected by qualified immunity.

The doctrine of qualified immunity "shields government officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity is warranted, the court first must address the question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001).

> [I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context

7

>    of the case, not as a broad general
>    proposition.

Id.

The defendants contend that Ziemba fails to allege that they "acted under the belief that their actions violated any clearly established statutory or constitutional rights of which a reasonable person would have known." (Defs.' Mem. at 6.) The court is not aware of any "subjective belief" component to the qualified immunity standard.

The court must first determine whether the facts alleged, taken in the light most favorable to Ziemba, show that the defendants' conduct violated his constitutional right. As indicated above, the court has determined that it is possible that Ziemba may be able to provide such evidence. At this stage of litigation, however, the court cannot definitively resolve this step in the inquiry. Thus, the court is unable to determine whether the defendants are entitled to qualified immunity. Accordingly, the motion to dismiss is denied without prejudice on this ground. The defendants may reassert this argument in a motion for summary judgment.

IV. Conclusion

The defendants' motion to dismiss [**doc. #21**] is **DENIED** without prejudice to revisiting these arguments on a motion for summary judgment. The defendants' motion for protective order

[**doc. #23**] is **DENIED**. The defendants are directed to respond to all outstanding discovery within **thirty (30)** days from the date of this order.

SO ORDERED this 14th day of January, 2004, at Hartford, Connecticut.

_____
Dominic J. Squatrito
United States District Judge