# EXHIBIT A

United States District Court
District Of Connecticut

Duane Ziemba

Vs.

John Armstrong, et al.

Civil Action No.
3:02 cv 2185 (DTS)(TPS)

April 30, 2004

DEFENDANT'S RESPONSE TO

Request For Admissions Served
On Defendant Lynn Milling

Pursuant to Rule 36, Fed. R. Civ. P., defendant Milling is directed to make the following admissions in writing under oath, within 30 days:

1. Admit to the genuineness of the attached letter by the plaintiff dated February 20, 2002.

See attached.

2. Admit to the fact of the attached letter by the plaintiff dated February 20, 2002 was received by you and that you read this letter.

See attached.

9

3. Admit to the genuineness of the attached letter by you to the plaintiff dated February 28, 2002.

   See attached.

4. Admit to the genuineness of the attached letter by defendant John Armstrong to the plaintiff dated February 28, 2002.

   See attached.

5. Admit that your attached letter dated February 28, 2002 is a response to the plaintiff's letter to you (attached hereto) dated February 20, 2002.

   See attached.

6. Admit that the plaintiff's attached letter to you dated February 20, 2002 at paragraph 4., States the following: "Additionally I have mental health serious matters which I must receive treatment for, before being transferred back to CT."

   See attached.

7. Admit that in your letter dated February 28, 2002 which is a response to plaintiff's February 20, 2002 letter, you fail utterly to address the plaintiff's "mental health serious matters".

   See attached.

8. Admit that your February 28, 2002 letter

10

#2

did not take any action with respect to the plaintiff's mental health serious matters.

See attached.

9. Admit that you were personally responsible for coordinating the plaintiff's transfer from Nevada back to the CT. D.O.C. on or about March 28, 2002.

See attached.

10. Admit that you personally ordered for the plaintiff to be returned from Nevada (D.O.P.) and back to the CT. D.O.C. on or about March 28, 2002.

See attached.

11. Admit that you were responsible for taking the action which had the plaintiff transferred back to the CT. D.O.C. from Nevada on or about March 28, 2002.

See attached.

12. Admit that prior to the plaintiff being transferred back to Connecticut from Nevada you failed to take any action to have him provided treatment for his mental health serious matters.

See attached.

13. Admit that on or about January 20, 2000 the plaintiff was transferred to the Nevada Department of Corrections by the

11                              #3

Connecticut Department of Correction to be housed pursuant to the Interstate Corrections Compact, that Connecticut was the sending State and Nevada the receiving State, with the plaintiff at all relevant times serving his Connecticut Sentence.

See attached.

14. Admit that during the entire time the plaintiff was incarcerated in the Nevada Department Of Correction he was serving his Connecticut Sentence.

See attached.

15. Admit that from January 20, 2000 until March 28, 2002 plaintiff was housed in the Nevada Department Of Correction pursuant to the Interstate Corrections Compact Serving Solely his Connecticut Sentence.

See attached.

16. Admit that in the year 2000, 2001 and 2002 it was in fact your responsibility to oversee the medical treatment of the Connecticut inmates incarcerated out of State.

See attached.

17. Admit that you acted with deliberate

12

#4

indifference to the plaintiff's February 20, 2002 letter.

See attached.

18. Admit that while the plaintiff was housed in Nevada at all times the CT. D.O.C. was still responsible for him.

See attached.

19. Admit that while the plaintiff was housed in Nevada he was on the medication Paxil due to suffering from panic attacks.

See attached.

20. Admit that while the plaintiff was housed in Nevada mental health staff were treating him with the medication Paxil.

See attached.

21. Admit that the plaintiff's letter to you (attached hereto) dated February 20, 2002 at paragraph 6., states the following: "I am under your custody and care, please take immediate action to ensure that I am not transferred anywhere until first receiving the foregoing treatment."

See attached.

22. Admit that in response to the plaintiff's letter to you dated February 20, 2002 you failed utterly to take action to have him provided mental health treatment.

See attached.

13

#5

23. Admit that with deliberate indifference to the plaintiff's Serious mental health needs you failed to act on plaintiff's letter dated February 20, 2002 as described in this lawsuit.

    See attached.

24. Admit that the plaintiff in his letter to you dated February 20, 2002 Stated the following: "Moreover, I am under your custody and care, you are liable with respect to the foregoing".

    See attached.

25. Admit that on or about March 10, 2002 when plaintiff was placed into transport back to CT. D.O.C, that he was transported by airplane back to the CT. D.O.C from Nevada.

    See attached.

26. Admit that on or about March 10, 2002 when the plaintiff was placed into transport to be transferred back to the CT. D.O.C., that immediately his Paxil Medication was unjustly Stopped and totally denied to him.

    See attached.

27. Admit that the plaintiff's transport back to the CT. D.O.C. took approximately three (3) weeks.

    See attached.

14

#6

28. Admit that on or about March 2002 the plaintiff's Paxil medication was unlawfully mailed through the U.S. mail to the plaintiff's mother Pamela Ziemba.

See attached.

29. Admit that as the Major and the Supervisory Official of the Interstate Compact you are/were responsible for overseeing the treatment of Connecticut inmates incarcerated out of State.

See attached.

30. Admit that the CT. D.O.C. has a responsibility to provide the CT. inmates incarcerated out of State with humane treatment.

See attached.

31. Admit that the plaintiff's attached hereto letter to you dated February 20, 2002 placed you on actual and constructive notice that the plaintiff needed mental health treatment, but despite this actual and constructive notice you failed to take any action to have plaintiff provided the needed treatment.

See attached.

32. Admit that you did have the authority

15

# 7

in 2002 to take action to have plaintiff provided adequate mental health treatment.

See attached.

33. Admit that you did have the obligation in 2002 to have the plaintiff provided adequate mental health treatment.

See attached.

34. Admit that in 2000, 2001 and 2002 you in fact were a Major with the duties of Liaison with Connecticut inmates incarcerated out of State and overseeing medical treatment of Connecticut inmates incarcerated out of State.

See attached.

35. Admit that if you did not - - act with deliberate indifference to the plaintiff's February 20, 2002 letter plaintiff would of never been Unconstitutionally denied the mental health treatment as described in this lawsuit.

See attached.

36. Admit that in 2000, 2001 and 2002 you were in fact a Correctional Major and the Supervisor of the Interstate Compact with the duties of overseeing time calculation, records, classification, medical, discharge and the return of Connecticut inmates

16

incarerated out of State.

See attached.

37. Admit that the Connecticut Department of Correction has the responsibility to take measures to ensure that the Connecticut inmates incarcerated out of State are being treated humanely.

See attached.

38. Admit that the Connecticut Department of Correction has the responsibility of taking measures to ensure that the Connecticut inmates incarcerated out of State are treated Within Constitutional guidelines.

See attached.

The Plaintiff
Respectfully Submitted
Duane Ziemba
Duane Ziemba #128963
Northen CT.
P.O. Box 665
Somers, CT. 06071

17

#9

By: Diane Ziemba, In Ely Nevada

Commissioner Armstrong          February 20, 2002
Deputy Commissioner Tokars
Major Milling - Interstate Compact Office
Director Levesque - Interstate Compact Office
Department Of Corrections
24 Wolcott Hill Road
Wethersfield, CT. 06109

Re: Serious Medical Condition/Needed Medical
Treatment Before Transfer Back To CT.

Dear Commissioner Armstrong

1. A copy of this letter has been mailed to your
above agents. Respectfully I am requesting for
you and your above agents to immediately
take action with respect to the following:

2. Before you transfer me back to the CT. D.O.C.
as ordered by the Court, I need Medical
treatment for the following Serious
medical conditions:

3. For two (2) Months now I have had a hard
mass directly under my right eye, which is
causing me severe pain. Underneath my
right eye and my eye have been seriously

18

swollen. This serious medical condition is causing me serious pain, it is causing me serious vision problems due to the mass goes directly into the orbit of my eye, and it's causing me serious headaches and to be physically sick due to the pain. I have been denied adequate medical treatment for this serious condition. I am actively seeking adequate medical treatment. To transfer me back to CT, before you ensure that I am provided adequate medical treatment and I recover, it will be unconstitutional.

4. Additionally I have mental health serious matters which I must receive treatment for, before being transferred back to CT.

5. Please do not place me in transport until I receive medical treatment here at Ely State Prison, for the foregoing serious conditions. As you are aware, I do not wish to delay my transfer back to CT. But the above is mandated and out of my control.

6. I am under your custody and care, please

19

Page Three   February 20, 2002

take immediate action to ensure that I am not transferred anywhere until first receiving the foregoing treatment.

7. When you transferred me to Nevada I in fact had a serious medical condition, grievances pending to seek medical treatment. No medical staff even saw me, I was completely denied medical treatment and forcefully transferred to Nevada, which inflicted torture.

8. Moreover, I am under your custody and care, you are liable with respect to the foregoing. Please take immediate action to ensure that I am not placed in transport until I receive the medical treatment and until I recover.

Thank you very much for your time in these matters.

cc.                    Respectfully Submitted
                       Duane Ziemba
                       Duane Ziemba #64026
                       Ely State Prison
                       P.O. Box 1989
                       Ely, Nevada 89301

20



# STATE OF CONNECTICUT
### DEPARTMENT OF CORRECTION
### OFFENDER CLASSIFICATION & POPULATION MANAGEMENT
### INTERSTATE COMPACT OFFICE
*1151 EAST STREET SOUTH*
*SUFFIELD, CONNECTICUT 06078*

**FILE COPY**

February 28, 2002

Duane Ziemba
NV# 64026  CT# 128963
Ely State Prison
P.O. Box 1989
Ely, Nevada  89301

Dear Mr. Ziemba:

I am responding to your letter dated 2/20/02 in which you indicate you are having medical problems with your eye. Your mother also called the Department on 2/26/02, concerned over your eye.

We contacted the Nevada officials regarding your eye and our Health Services staff have conferred with Health Services staff in Nevada. You will be seen by an ophthalmologist to assess your condition. Our Health Services staff will coordinate with Nevada staff as to the appropriate course of action following the ophthalmology consultation.

You should continue to bring any medical concerns to the attention of appropriate staff in Nevada.

Sincerely,

Lynn Milling
Major, Interstate Compact

Cc:    Commissioner Armstrong
       Deputy Commissioner Tokarz
       Fred Levesque, Director, OCPM
       Pat Ottolini, Director of Nursing and Field Services
       Paula Miller, Nevada Interstate Coordinator

21



# STATE OF CONNECTICUT
### *DEPARTMENT OF CORRECTION*
#### 24 WOLCOTT HILL ROAD
#### WETHERSFIELD, CONNECTICUT 06109

John J. Armstrong
  Commissioner

February 28, 2002

Mr. Duane Ziemba #64026
Ely State Prison
P.O. Box 1989
Ely, Nevada 89301

Dear Mr. Ziemba:

I am in receipt of your letters dated February 15th, 16th and 20th 2002.  In response to your concern as to who advised me not to communicate with you, I have advised you numerous times that any claim which you have written to me that relates to your pending litigation should be referred to the Office of the Attorney General.  Your claim that I refuse to communicate with you is completely false, as I respond to each letter that you send to me.

With regard to your letter concerning the problem with your eye, I have been advised by the Interstate Compact Office that your medical concerns are being addressed by both Connecticut and Nevada officials and that you will be seen by an ophthalmologist for consultation.  In the future, you should address your medical issues with the Nevada officials.

Sincerely,

John J. Armstrong
Commissioner

cc:    Deputy Commissioner Dennis C. Coyle
        Major Lynn Milling, Interstate Compact Office

*An Equal Opportunity Employer*

22.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DUANE ZIEMBA | : | PRISONER<br>CIVIL NO. 3:02CV2185 (DJS)(TPS) |
| v. | : | |
| JOHN J. ARMSTRONG, ET AL. | : | JUNE 4, 2004 |

## DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSIONS
## SERVED ON DEFENDANT LYNN MILLING

1.    Admitted.

2.    It is admitted that this attached letter was received in the Interstate Compact Office.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    The content of the February 20, 2002 letter is admitted.

7.    The content of the February 28, 2002 letter is admitted.

8.    The content of the February 28, 2002 letter is admitted.

9.    It is admitted that as Manager of the Interstate Compact Office, the defendant was liaison for inmates transferred out of state, and for any subsequent return to Connecticut. In that role, the defendant assisted in the coordination of the plaintiff's transfer from Nevada to Connecticut.

10.   It is admitted that as Manager of the Interstate Compact Office, the defendant was the liaison for inmates transferred out of state, and for any subsequent return to Connecticut.

23

In that role, the defendant assisted in the coordination of the plaintiff's transfer from Nevada to Connecticut.

11.    It is admitted that as Manager of the Interstate Compact Office, the defendant was the liaison for inmates transferred out of state, and for any subsequent return to Connecticut. In that role, the defendant assisted in the coordination of the plaintiff's transfer from Nevada to Connecticut.

12.    It is denied that the defendant had any personal involvement for the provision of mental health treatment to the plaintiff.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Denied.

17.    Denied.

18.    Objection. Request is vague and ambiguous.

19.    Objection. The defendant did not have any personal involvement in the plaintiff's medication status while housed in Nevada. Accordingly, the defendant is unable to respond to this Request.

20.    Objection. The defendant did not have any personal involvement in the plaintiff's medication status while housed in Nevada. Accordingly, the defendant is unable to respond to this Request.

21.    The content of the February 20, 2002 letter is admitted.

22.    Denied. The defendant relied on Nevada correctional officials to provide adequate medical and mental health treatment to the plaintiff.

24

23.  Denied.

24.  The content of the February 20, 2002 letter is admitted.

25.  Admitted.

26.  Objection.  The defendant did not have any personal involvement in the provision of medication to the plaintiff during his transport.  Accordingly, the defendant is unable to respond to this request.

27.  Admitted.

28.  Objection.  The defendant did not have any personal involvement in the provision of medication to the plaintiff during his transport.  Accordingly, the defendant is unable to respond to this request.

29.  Objection.  Request is vague and ambiguous.

30.  Objection.  Request is vague and ambiguous.

31.  Denied.

32.  Objection.  Request is vague and ambiguous.

33.  Objection.  Request is vague and ambiguous.

34.  It is admitted that in 2000, 2001, and 2002 the defendant was a Correctional Major and served as a liaison for inmates transferred out of state.

35.  Objection.  Request is vague, ambiguous and unintelligible.

36.  Admitted.

37.  Objection.  Request is vague and ambiguous.

38.  Objection.  Request is vague and ambiguous.

25

DEFENDANTS
John J. Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel:  (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of June, 2004:

Duane Ziemba #128963
Northern Correctional Institution
P.O. Box 665
Somers, CT  06071

Matthew B. Beizer
Assistant Attorney General

4

26

# EXHIBIT B

Matthew B. Beizer      <u>June 10, 2004</u>
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

Re: Ziemba V. Armstrong, No. 3:02 cv 2185 (DJS)(TPS)
<u>Attempted Informal Discovery Resolution</u>

Dear Attorney Beizer

     This is an attempted informal discovery resolution, pertaining to the Request for Admissions served on defendant Milling dated April 30, 2004. And defendant Milling's responses thereto dated June 4, 2004.

     <u>Fed.R.Civ.P., Rule 37.(3)</u> Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

     Number 18. States: Admit that while the plaintiff was housed in Nevada at all times

27

the CT. D.O.C. was still responsible for him. Defendant Milling filed an Objection claiming this "request is vague and ambiguous". This objection constitutes a failure to answer because the request is very clear and not vague or ambiguous.

Number 29. States: Admit that as the Major and the supervisory Official of the Interstate Compact you are/were responsible for overseeing the treatment of Connecticut inmates incarcerated out of State. Defendant Milling filed an Objection claiming this "request is vague and ambiguous". This objection constitutes a failure to answer because the request is very clear and not vague or ambiguous.

Number 30. States: Admit that the CT. D.O.C. has a responsibility to provide the CT. inmates incarcerated out of state with humane treatment. Defendant Milling filed an Objection claiming this "request is vague and ambiguous". This objection constitutes a failure to answer because

#2

23

the request is very clear and not vague or ambiguous.

Number 32. States: Admit that you did have the authority in 2002 to take action to have plaintiff provided adequate mental health treatment. Defendant Milling filed an objection claiming this "request is vague and ambiguous". This objection Constitutes a failure to answer because the request is very clear and not vague or ambiguous.

Number 33. States: Admit that you did have the obligation in 2002 to have the plaintiff provided adequate mental health treatment. Defendant Milling filed an objection claiming this "request is vague and ambiguous". This objection Constitutes a failure to respond because the request is very clear and not vague or ambiguous.

Number 37. States: Admit that the Connecticut Department of Correction has the responsibility to take measures to ensure that the Connecticut inmates

#3

29

incarcerated out of State are being treated humanely. Defendant Milling filed an objection claiming that this "request is vague and ambiguous." This objection constitutes a failure to answer because the request is very clear and not vague or ambiguous.

Number 38. States: Admit that the Connecticut Department of Correction has the responsibility of taking measures to ensure that the Connecticut inmates incarcerated out of State are treated within Constitutional guidelines. Defendant Milling filed an objection claiming this "request is vague and ambiguous." This objection constitutes a failure to answer because the request is very clear and not vague or ambiguous.

Furthermore, number 16. that in the year 2000, 2001 and 2002 Milling was in fact responsible for overseeing the medical treatment of Connecticut inmates incarcerated out of State. This request

#4

30

Was unjustly denied. Because number 36., States the Same request and is "admitted". Therefore number 16. must also be admitted.

I am respectfully requesting that defendant Milling files amended responses to the foregoing Request for Admissions, answering and correcting each foregoing Request for Admission.

Respectfully Submitted

*Duane Ziemba*

Duane Ziemba # 128963
Northern C.I. Box 665
Somers, CT. 06071

Certification

I hereby certify that a copy of foregoing was mailed to following on this 10th day of June 2004:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: *Duane Ziemba*

Duane Ziemba

#5

31