UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| DUANE ZIEMBA | : | PRISONER<br>CIVIL NO. 3:02CV2185 (DJS)(TPS) |
| v. | : |  |
| JOHN J. ARMSTRONG, ET AL. | : | JULY 20, 2004 |

### DEFENDANTS' LOCAL RULE 56(a)2 STATEMENT

1. The plaintiff is a pro se inmate.

2. At all times pertinent to the plaintiff's complaint, the defendants were employees of the Connecticut, Department of Correction ("DOC"). (Plaintiff's Complaint, paras, 5-8).

3. From on or about January, 2000 until on or about March 28, 2002, the plaintiff was housed in the State of Nevada pursuant to the Interstate Corrections Compact ("the Compact"). (Complaint, para. 15).

4. According to the Compact and the agreements with the various states, the receiving jurisdiction is responsible for furnishing medical care and treatment to inmates who are transferred to their jurisdiction. (Milling Affidavit, para. 4).

5. According to the Compact and the agreements with the various states, the receiving jurisdiction is responsible for all costs associated with the routine medical care that is provided to inmates who are transferred to that jurisdiction. (Milling Affidavit, para. 5).

6. If inmate Ziemba was prescribed Paxil by Nevada correctional officials during his incarceration in Nevada, the DOC would not have been notified of this prescription. (Milling Affidavit, para. 8).

7. Lynn Milling, the Manager of DOC's Interstate Compact Office, received inmate Ziemba's February 20, 2002 letter. (Milling Affidavit, para. 9).

8. In his February 20, 2002 letter, the plaintiff complained about the medical care he was receiving in Nevada. (Plaintiff's February 20, 2002 Letter).

9. In his February 20, 2002 letter, the plaintiff sought to delay his transport back to Connecticut. (Plaintiff's February 20, 2002 Letter).

10. By letter dated February 28, 2002, Lynn Milling responded to plaintiff's February 20, 2002 letter. (Milling Letter, February 28, 2002).

11. In response to plaintiff's letter dated February 20, 2002, the DOC arranged for the plaintiff to be seen by an ophthalmologist. (Milling Affidavit, para. 11).

12. Plaintiff's transport in March, 2002 from Nevada to Connecticut was performed by United States Marshals. (Milling Affidavit, para. 12).

13. If, at the time of his transport, the plaintiff was on medication, it was the responsibility of the Nevada correctional officials to notify the United States Marshals of this fact and to provide them with the actual medication. (Milling Affidavit, para. 13).

14. If, during his transport to Connecticut, the plaintiff suffered from any medical necessities, the plaintiff would have had access to medical care through the United States Marshals and/or the Federal Bureau of Prisons. (Milling Affidavit, para. 14).

        DEFENDANTS
John J. Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:     /s/_____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct16304
E-Mail: matthew.beizer@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 20th day of July, 2004:

Duane Ziemba #128963
Northern Correctional Institution
P.O. Box 665
Somers, CT 06071

    /s/_____
Matthew B. Beizer
Assistant Attorney General