UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 AUG 11 P 3: 26
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | | |
|---|---|---|
| DUANE ZIEMBA | : | |
| | : | PRISONER |
| v. | : | No. 3:02CV2185 (DJS)(TPS) |
| | : | |
| JOHN J. ARMSTRONG, et al. | : | |

## RULING AND ORDER

Defendants have filed a motion for protective order and plaintiff has filed a motion to compel and a motion for extension of time to respond to defendants' motion for summary judgment.

In April 2004, defendants filed a motion for protective order. They stated that defendant Armstrong was out of the country in Iraq and would return in June 2004. They asked that defendant Armstrong be relieved of any obligation to respond to outstanding discovery requests until his return. Defendant Armstrong's anticipated return date has passed. Accordingly, it appears that the protection sought by defendants no longer is needed. Defendants' motion for protective order [**doc. #30**] is **DENIED**. Defendant Armstrong is directed to serve his responses to the outstanding discovery requests on or before **September 3, 2004**.

Plaintiff has filed a motion to compel answers to several of his requests for admission directed to defendant Milling. He

argues that defendant Milling's objection to the requests for admission as vague and ambiguous constitutes a failure to answer because in his view, the requests are neither vague nor ambiguous.

Requests for admission are neither like nor a substitute for other discovery mechanisms, such as interrogatories. See Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (citing T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); James Wm. Moore., Moore's Federal Practice ¶ 36:02 (3d ed. 2002). Interrogatories are intended to elicit facts and expand the level of detail contained in the complaint. Requests for admission are intended to limit the factual issues in the case. To achieve this purpose of limiting the factual issues for trial, requests for admission must be clear and simple, not vague and ambiguous, and in a manner permitting a simple admit or deny without requiring explanation or elaboration. See id. Thus, the facts included in the request for admission "must be singularly, specifically, and carefully detailed." Id. (citations omitted).

Defendants have objected to several of plaintiff's requests for admission as vague and ambiguous. The court agrees. For example, in request 30, plaintiff states: "Admit that the CT D.O.C. has a responsibility to provide the CT inmates incarcerated out of state with humane treatment." Although plaintiff states that this

2

request is precise and unambiguous, the court cannot discern what type of responsibility is referenced. Is plaintiff asking whether the Connecticut Department of Correction actually provides treatment, orders the state of incarceration to provide the treatment or only monitors the treatment of Connecticut inmates and requests modifications to treatment when informed of problems? Also what is meant by humane treatment? This is not a fact-specific question designed to limit the facts that must be litigated.

In addition, although plaintiff responded to the objections, he did not attempt to clarify the requests for admission. Rule 37, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court. See Getschmann v. James River Paper Co., Inc., Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be resolved by the parties"). The court concludes that plaintiff's letter to defendants' counsel in which he merely states

3

that his requests are not vague or ambiguous is not a good faith effort to resolve the dispute. Accordingly, plaintiff's motion to compel [**doc. #31**] is **DENIED**.

Finally, plaintiff seeks an extension of time until thirty days after the resolution of all discovery to respond to defendants' motion for summary judgment. He identifies the outstanding discovery as his motion to compel and interrogatories and requests for admission served on defendants Armstrong and Tokarz. Plaintiff's motion [**doc. #33**] is **GRANTED**. Defendant Armstrong already has been ordered to respond to all outstanding discovery on or before September 3, 2004. Defendant Tokarz is ordered to respond to all outstanding discovery on or before **September 3, 2004,** as well. Accordingly, plaintiff is directed to file his response to defendants' motion for summary judgment on or before **October 4, 2004.**

In conclusion, defendants' motion for protective order [**doc. #30**] and plaintiff's motion to compel [**doc. #31**] are **DENIED**. Plaintiff's motion for extension of time [**doc. #33**] is **GRANTED**. Defendants Armstrong and Tokarz are directed to respond to all outstanding discovery on or before **September 3, 2004.** Plaintiff is directed to file his opposition to defendants' motion for summary judgment on or before **October 4, 2004.**

4

**SO ORDERED** this 10th day of August, 2004, at Hartford, Connecticut.

>	/s/ Thomas P. Smith
>	Thomas P. Smith
>	United States Magistrate Judge