<u>United States District Court</u>
<u>District Of Connecticut</u>

FILED

2004 AUG 26  P 3:52

| | |
|---|---|
| Duane Ziemba | Civil Action No. |
| | 3:02 cv 2185 (DTS)(TPS) |
| VS. | |
| John Armstrong, et al. | August 20, 2004 |

## <u>Motion To Compel Discovery</u>

Pursuant to Rule 34(b) and 37(a), Fed.R.Civ.P., the plaintiff hereby moves for an order compelling defendant Armstrong to file responses to interrogatories served on him dated February 24, 2004 and March 9, 2004.

## <u>I. Facts:</u>

The plaintiff served interrogatories on defendant Armstrong dated February 24, 2004 and March 9, 2004. Exhibit A. Fed.R.Civ.P. mandated responses within 30 days. Defendant Armstrong has failed, to date, to file responses. Therefore, plaintiff informally attempted to resolve this matter by sending counsel a letter dated July 27, 2004. Exhibit B. Counsel

has failed and refused to respond.

    Wherefore, for the foregoing reasons an order compelling defendant Armstrong to file responses to the interrogatories should be granted.

                      Respectfully Submitted
                        *Duane Ziemba* /Duane Ziemba
                        Northern C.I. P.O. Box 665
                        Somers, CT. 06071

### Certification

    I hereby certify that a copy of the foregoing was mailed to the following on this 20th day of August 2004:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105     By: *Duane Ziemba*
                                                  Duane Ziemba

# EXHIBIT A

Case 3:02-cv-02185-DJS    Document 35    Filed 08/26/2004    Page 3 of 15

Matthew B. Beizer  February 24, 2004
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

Re: Ziemba V. Armstrong, No. 3:02 cv 2185 (DJS) (TPS)

## Interrogatories Served On Defendant John Armstrong

Pursuant to Rule 33 and 34, Fed. R. Civ. P., defendant Armstrong is directed to answer each of the following interrogatories in writing under oath and produce the requested documents, within 30 days.

1. State and explain in detail what were your official duties during the time of the incidents complained of in this lawsuit?

2. Is it true and correct that during the time of the incidents complained of in this lawsuit you were personally responsible for ensuring that the plaintiff receive proper medical and mental health care while he was housed in the state of Nevada.

4

#2

3. Do you agree with the fact that you did receive the attached letter by the plaintiff dated February 20, 2002 and that you acted with deliberate indifference to this letter thereby denying plaintiff the medication Paxil as described in this case.

4. Do you agree with the fact that the attached letter by you to plaintiff dated February 28, 2002 is a Official response to the Plaintiff's letter to you dated February 20, 2002.

5. The attached letter by the plaintiff dated February 20, 2002 state and explain all of the action which you took with respect to this letter, and respond in detail producing any and all documents involving the action you took.

6. Do you agree with the fact that while the plaintiff was housed in the State of Nevada, that he was still at all times under the care and custody of the CT. D.O.C. Produce any and all documents which Show the above facts.

7. It is a fact that while the plaintiff was housed in Nevada CT. was the Sending State, as

#3

the Sending State please explain all responsibilities you had with respect to plaintiff.

8. Please explain what was your authority over plaintiff while he was housed in Nevada.

9. While plaintiff was housed in Nevada what was your obligation with respect to his care and treatment.

10. Is it true and correct that you were responsibile for overseeing the plaintiff's care and treatment while he was housed in Nevada.

11. When you received plaintiff's letter dated February 20, 2002 (attached) is the only action you took your letter of response dated February 28, 2002 (attached) please explain.

12. Do you agree with the fact that you acted with deliberate indifference to the plaintiff's letter dated February 20, 2002. (attached)

13. Do you agree with the fact that defendant Tokarz acted with deliberate indifference to the

6

#4

plaintiff's letter dated February 20, 2002 (attached).

14. Do you agree with the fact that defendant Milling acted with deliberate indifference to the plaintiff's letter dated February 20, 2002 thereby denying plaintiff the medication Paxil.

15. Do you agree with the fact that defendant Levesque acted with diliberate indifference to the plaintiff's letter dated February 20, 2002 thereby denying plaintiff the medication Paxil.

16. Do you agree with the facts that you, defendant's Tokarz, Milling and Leveque are guilty of the Unconstitutional violations described in this complaint.

17. You have, with defendants Tokarz, Milling, and Leveque violated the plaintiff's Constitutional rights as described in the complaint.

Respectfully Submitted
Duane Ziemba
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

7

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

March 9, 2004

Re: Ziemba v. Armstrong, No. 3:02 cv 2185 (DTS)(TPS)

### Interrogatories Served On Defendant John Armstrong

Pursuant to Rules 33 and 34, Fed. R. Civ. P., defendant Armstrong is directed to answer each of the following interrogatories in writing under oath and produce each of the requested documents, within 30 days.

1. While employeed with the State of Connecticut Department of Correction state each position you have held?

2. While employeed with the State of Connecticut Department of Correction provide a detailed description of your duties at each position, and produce any and all documents which provide a description of these duties.

#8

#2
---

3. While employeed with the State of Connecticut Department of Correction provide the inclusive dates that you held each one of your positions?

4. Please state and explain in detail, while the plaintiff was housed in the Nevada Department of Prisons what was your responsibilities with respect to his custody?

5. Please state the date which the plaintiff was transferred out of the CT. D.O.C. and to the Nevada D.O.P. ?

6. Please state the date which the plaintiff was transferred from the Nevada D.O.P. and back to the CT. D.O.C. ?

7. Produce any and all documents pertaining to the plaintiff's transfer to Nevada and his transfer back to Connecticut.

8. Please explain in detail, while the plaintiff was housed in the Nevada D.O.P. what was your authority with respect to the plaintiff? Produce any and all documents of this authority.

#3

9. Do you agree that it was your responsibility to oversee the plaintiff's medical care while he was being house in the Nevada D.O.P.?

10. Did the plaintiff request medical attention for his illness? If so, please state the following:

(a) The name, address, position, and title of the person(s) to whom the request(s) was made;

(b) The action taken by said person(s) in response to the request(s);

(c) The date you were notified of the request(s); and

(d) The means by which you were notified of the request(s).

11. With respect to the provision of medical treatment for persons incarcerated out of state, please state the following:

(a) The identity of the person(s) responsible

#4
---

for insuring that Connecticut prisoners receive proper medical and mental health treatment, including prescribed medication;

(b) The indentity of the person(s) responsible for providing medical and mental health treatment and care to persons incarcerated out of state;

(c) Whether the State of Connecticut D.O.C. has or had any rule, regulation, custom, practice, or policy regarding medical treatment of prisoners housed out of state. Produce any and all documents pertaining to the above.

12. Have you or any of your agents or representatives taken or caused to be taken any statement or interview of any person possessing knowledge concerning any of the claims or defenses asserted in this litigation or any of the transactions or occurrences alleged to give rise to such claim? If so, with respect to each statement or interview,

#5

please state the following:

(a) The identity of the person who took the statement or interview, and all other persons present;

(b) The identity of the person who gave the statement or interview;

(c) The date of the statement or interview;

(d) The reason(s) for the statement or interview;

(e) The substance of the statement or interview; and

(f) The manner in which the statement or interview was memorialized, and produce any and all documents with respect to the above.

13. Identify the full name, address, and telephone number of each and every person whom you expect to call as a witness or expert witness at the trial of this case.

12

#6

Respectfully Submitted

*Duane Ziemba*

Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

# EXHIBIT B

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

July 27, 2004

Re: Ziemba v. Armstrong, No. 3:02 cv 2185 (DTS)(TPS)

Dear Attorney Beizer

The attached hereto interrogatories served on defendant Armstrong dated: February 24, 2004 and March 9, 2004 have not been responded to. Please immediately have defendant Armstrong file responses to this essential outstanding discovery. And ensure that the said responses comply with Fed. R. Civ. P., and are not evasive. Thank you very much for your time in this matter.

Sincerely, Duane Ziemba
Duane Ziemba   #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

15