# United States District Court
# District Of Connecticut

| | |
|---|---|
| Duane Ziemba | Civil Action No. 3:02 cv 2185 (DJS) (TPS) |
| VS. | |
| John J. Armstrong, et al. | August 31, 2004 |

## Plaintiff's Memorandum Of Law In Opposition To Defendants' Motion For Summary Judgment

The plaintiff hereby opposes the defendants' motion for Summary Judgment in its entirety.

## I. Introduction And Facts:

This case involves the defendants intentionally denying the plaintiff adequate mental health medication and treatment. After the plaintiff was seriously and permanently physically injured in the defendants' custody and care (Complaint at 1.). The facts which led up to this case relevant herein are lawsuit: Ziemba V. Wezner, No. 3:98 cv 2370 (DFM) defendant

Armstrong's agents failed to protect the plaintiff, subjecting him to serious, multiple permanent physical injuries (Complaint at 10.). Lawsuit: Ziemba v. Armstrong, No. 3:98 cv 2344 (JCH)(HBF) defendant Armstrong's agents on videocamera violently assaulted plaintiff, inter alia, subjecting plaintiff to serious physical injuries (Complaint at 11.). And lawsuit: Ziemba v. Thomas, No. 3:00 cv 391 (WWE) defendant Armstrong's agents inside a sallyport brutally beat the plaintiff, placing him in the hospital. (Complaint at 12.). The defendants <u>do not</u> dispute these <u>facts</u> in their motion because they cannot.

Due to the foregoing facts, the plaintiff while housed in Nevada was suffering from a Panic Disorder with Agoraphobia, and he was being treated with mental health medication Paxil (See Exhibit E.).(Plaintiff's Affidavit).(The Complaint). However, in Nevada the plaintiff was being completely denied <u>adequate</u> mental health treatment, medication, crisis intervention and needed therapy. He was indeed being subjected to <u>horrific</u> treatment (See Complaint at 27.) (See Plaintiff's Affidavit at 8.).

#2

Defendant Milling sent the plaintiff a letter in Nevada dated November 23, 2001 (Exhibit B.) informing the plaintiff of the list of names and addresses of the Connecticut D.O.C. officials in the chain of command that he is to address his grievances and complaints to (Ultimately each CT. D.O.C. official who had the responsibility, authority and obligation for plaintiff's custody, care and to ensure his humane treatment) -- Accordingly this chain of command is: (1) defendant Milling; (2) defendant Levesque; (3) defendant Tokarz; and (4) defendant Armstrong. It is abundantly clear that these named defendants had the <u>responsibility</u> -- and the requisite personal involvement in this case.

In Nevada, the plaintiff was informed that by order of the court he was going to be transferred back to the Connecticut D.O.C.. A transfer back through ten States which he knew would take several weeks. It was essential that he received adequate mental health medication and treatment before the transfer, during and after. The "Sending State" at all times had jurisdiction of the plaintiff

#3

and was responsible for the plaintiff and for his custody -- care -- and treatment (See Exhibit A, <u>Interstate Corrections Compact</u>). And it is undisputed that the Connecticut D.O.C. was the "Sending State" -- and Nevada at all times as the "receiving State" was acting as agents of Connecticut (the defendants). See Exhibit A, the Interstate Corrections Compact which indeed States these crucial facts.

   Therefore from Nevada the plaintiff Sent to (the Supervisory officials responsible) each defendant a letter dated February 20, 2002 placing them on <u>actual and constructive notice</u> that he needs mental health treatment before he is transferred back to the C.T. D.O.C., that he is under their custody and care, they are liable, for them to please take immediate action to ensure that he is not denied the needed treatment (Complaint at 17.) (Attachment C) (Attachment B. Defs' Mem.). Incredibly, despite the defendants receiving <u>this actual and constructive notice</u>, they failed utterly (they admit to it) to take action to have <u>their Nevada agents</u> provide

#4

the plaintiff the needed treatment. And they failed to remedy the horrific treatment by their agents against the plaintiff. It is this <u>profound indifference</u> that caused the plaintiff's Paxil medication to be completely denied to him before and during the transport back to the CT. D.O.C. and which made him suffer the adverse effects (Complaint) (Exhibit A ) (Plaintiff's Affidavit).

   First, contrary to what the defendants allege in their patently frivolous motion — the material facts unquestionably demonstrate the requisite personal involvement of each named defendant. Second, the defendants' conduct did violate the plaintiff's Constitutional rights. Because for almost 30 years it has been the well—establised law of the land that the government must "provide medical care for those whom it is punishing by incarceration", and that "deliberate indifference to serious medical needs constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment". <u>Estelle</u>

#5

v. Gamble, 429 U.S. 97, 103 (1976) (Citation Omitted). And third, the defendants are not entitled to Qualified Immunity.

II. Standard For Summary Judgment

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. See Fed. R. Civ. P. 56 (c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). The burden of showing that no genuine factual dispute exists rests upon the moving party. See Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. See Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

The Second Circuit "ordinarily require[s] the district court to give substantial leeway to pro-se litigants". Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

"The Court' must construe pro-se pleadings broadly", and interpret them "to raise the strongest arguments they suggest!"" Parsons v. Pond, 126 F. Supp. 2d 205, 207 (D. Conn. 2000) (JCH) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2nd Cir. 2000). See also Sundwall v. Leuba, 2001 U.S. Dist. LEXIS 737* (D. Conn. January 23, 2001) (JCH) (same); Clark v. Tosco Corp., 2000 U.S. Dist. LEXIS 19368 *3 (D. Conn. October 17, 1998) (JCH) ("The Court is bound to construe pro-se complaints liberally.").

The Supreme Court has recently articulated that the pleading standard under Rule 8 of the Federal Rules of Civil Procedure is a liberal one, and that a complaint must include only a "short and plain statement of the claim", and must simply "give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Soreman N.A., 534 U.S. 506, 513 (2002).

In this case it is important to note in

#7

the Complaint at paragraph 27. the following is 'Stated': "Each defendant Knowingly in retaliation failed to remedy the horrific treatment against the plaintiff in the Nevada prison". This Statement construed with the rest of the complaint means the horrific mental health treatment, of the lack of adequate medication, crisis intervention, therapy and treatment. See the Complaint at 17., of the plaintiff from Nevada Sent to each defendant a letter dated February 20, 2002 placing them on actual and constructive notice "that he needs mental health treatment." The defendants either misunderstand or intentionally mischaracterize the claims in this lawsuit. Because in their Memorandum they argue that "the premise of the complaint is that plaintiff was being appropriately treated by Nevada officials with Paxil" and that this treatment was Stopped when he was transported to Connecticut." (Not Correct). It is not the falt of this Court nor plaintiff's falt that the defendants misunderstand the facts herein. It is the defendants falt for totally failing to take the plaintiff's deposition, and their failure to file any

#8

form of discovery on the plaintiff.

## III. Argument

### A. Each Defendant Was Involved In The Constitutional Violation

The defendants argue that they are entitled to summary judgment with respect to all of plaintiff's claims against the defendants, due to lack of personal involvement in the alleged constitutional violations. Defs' Mem., at 4. The defendants are incorrect as a matter of law for numerous reasons.

Id. The Connecticut Department of Correction was the "Sending State". The defendants admit this fact. Defendants' Local Rule 56(a)2 Statement at 3, 4 and 5. The receiving state, Nevada and the Nevada prison officials including medical and mental health staff, were at all times acting solely as agents of the Sending State of Connecticut (agents of the defendants). (Emphasis Added) See Interstate Correction Compact. Exhibit A.

In addition, defendant Milling sent to the

#9

plaintiff in Nevada, a letter dated November 23, 2001, which specifically states the identity of the Connecticut prison officials in the chain of command <u>responsible</u> for addressing and resolving plaintiff's grievances and complaints. The identity of these undeniable persons is defendants": (1) Milling; (2) Levesque; (3) Tokarz; and (4) Amstrong. See Exhibit B, and Plaintiff's Affidavit at 9.

Accordingly, from Nevada the plaintiff sent to the defendants — the admitted Supervisory Officials — the <u>admitted responsible</u> officials, a letter dated February 20, 2002. See Exhibit B, and Defs' Mem., Attachment B. Unquestionably this letter placed each Supervisory Official defendant on actual and constructive notice that the plaintiff was in the need of -- treatment for "mental health serious matters" which "he must receive treatment for, before being transferred back to CT." And: "Please do not place him in transport until he receives medical treatment at Ely State Prison, for the foregoing serious conditions." And: "He is under their custody and care, please take immediate action to ensure that he is not transferred anywhere

#10

until first receiving the treatment." And: "Moreover, I am under your custody and care, you are liable with respect to the foregoing." Id. Exhibit B.

The defendants admit that the plaintiff's letter was received. Defs' Local Rule 56(a)2 Statement at 7, 8, and 10. Most disturbingly, both defendants Armstrong and Milling responded to the plaintiff's letter by letters dated February 28, 2002. See Exhibit O. Analyzing their 2 letters, it is clear that they both -- with deliberate indifference utterly ignored that the plaintiff needed treatment for "mental health serious matters".
As far as defendants Tokarz and Levesque, they also acted with deliberate indifference by totally failing to act on the plaintiff's letter. See Plaintiff's Affidavit at 11.
The clear genuine issues of material fact Id., substantiate that each one of the defendants with deliberate indifference to plaintiff's serious medical needs, took absolutely no action whatsoever to have their Nevada agents provide the plaintiff the seriously needed treatment.

#11

A Supervisory Official defendant may be personally involved in a Section 1983 violation in the following ways: (1) the defendant participated directly in the alleged Constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or; (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that Unconstitutional acts were occuring. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

    The evidence in this case substantiates that the defendants face civil liabilities, for 1, 2, 4 and 5 of the above Section 1983 violations.

    These are abundant genuine issues of material fact which prove the personal involvement of

#12

each defendant. Id. Supervisory liability may be imposed when an official has actual or constructive notice of unconstitutional practices and demonstrates "gross negligence" or "deliberate indifference" by failing to act. McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983); (Supervisor may be found "gross negligent" if he "knew or should have known" of the underlying facts): Rodriguez v. State of Connecticut, 169 F. Supp. 2d 39, 44-45 (D. Conn. 2001) (JCH): Ruling on Defendants' Motion for Judgment on the pleadings [DKT. No. 19] (May 8, 2003, Judge Hall) at 14-15.

Id. The defendants, each one, totally failed to do what they could have done to avoid the risk to the plaintiff's health -- they took absolutely no action whatsoever to have their Nevada agents provide the plaintiff the needed treatment. See Rodriguez v. Walrath, 2004 U.S. App. LEXIS 7959 * 3-4 (2d Cir. April 22, 2004) (Qualified immunity denied for non-medical personnel because "on some of the facts presented, a jury could find that these

defendants failed to do what they could have done to avoid the risk to [the plaintiff's] health....").

The plaintiff commenced this action because, due to the defendants deliberate indifference he suffered severely. This is a very meritorious case. Id. The defendants deliberate indifference resulted in the plaintiff being denied proper, needed, mental health treatment, inter alia, on March 19, 2002 the plaintiff's Paxil medication was unjustifiably — suddenly — stopped. See Plaintiff's Affidavit at 14, and Exhibit E and G Medical Records. "I/M states he was on Paxil, it was stopped before he was transferred". The Inmate Grievance filed by the plaintiff: "Was on Paxil medication for severe panic attacks, as soon as my transfer started, I was totally denied medication". Exhibit H. The plaintiff suffered very serious adverse effects due to the medication being suddenly denied him. See Complaint at 21, and Plaintiff's Affidavit at 14. And incredibly, the plaintiff's Paxil medication was mailed to Pamela Ziemba in Middletown, CT. See Pamela Ziemba's Affidavit. Exhibit F.

#14

It is firmly establised that medical needs include not only physical health needs, but mental health needs as well. Hoptowit, 682 F.2d at 1253; Balla v. Idaho State Board of Corrections, 595 F. Supp. 1558, 1576-77 (D. Idaho 1984); Bowring v. Godwin, 551 F.2d 44, 47 (4th Cir. 1977).

> "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 50 L.Ed. 2d 251, 97 S. Ct. 285 (1976) (internal citation omitted).

Incredibly, the defendants in this case took absolutely no action whatsoever, to have their -- Nevada agents -- provide the plaintiff the needed treatment for Id. "his mental health serious matters". Which constitutes the deliberate indifference to the plaintiff's serious medical needs.

#15

B. The defendants argue that plaintiff's vague and conclusory claims of retaliation must be dismissed. The plaintiff is in agreement only relevant hereto.

C. Lastly, the defendants argue that they are entitled to qualified immunity. Defs' Mem., at 9. The defendants are <u>not</u> entitled to qualified immunity.

The qualified immunity analysis is well-established: First, the Court must determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right; Second, if a violation can be made out, the Court must ask whether the right was clearly established. See <u>Saucier v. Katz</u>, 533 U.S. 194, 200-01 (2000); <u>Ehrlich v. Town of Glastonbury</u>, 348 F.3d 48, 54-55 (2d Cir. 2003).

First, the defendants' conduct did violate the plaintiff's constitutional rights. For almost 30 years, it has been the well-established law of the land that the government must provide medical care for those whom it

#16

punishing by incarceration", and that deliberate indifference to serious medical needs constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (Citation Omitted).

Second, the plaintiff's Constitutional right to mental health care was clearly established. See Jones v. City of Hartford, 285 F. Supp. 2d 174, 183 (D. Conn. 2003) (JCH) (Citation Omitted). See, e.g. Estelle v. Gamble, Supra; Warren v. Keane, 196 F.3d 330, 333 (2d Cir. 1999) (Estelle "right to be free from deliberate indifference to serious medical needs" has been "clearly established since as far back as 1976"); Labounty v. Coughlin, 137 F.3d 68, 73-74 (2d Cir. 1998).

See Rodriguez v. Walrath, 2004 U.S. App. LEXIS 7959 * 3-4 (2d Cir. April 22, 2004) (Qualified immunity denied for non-medical personnel because "on some of the facts presented, a jury could find that these defendants failed to do what they could have done to avoid the risk to [the plaintiff's] health....").

#17

<u>Wherefore, the plaintiff submits to the wisdom of this honorable Court that as a matter of law the defendants' motion should forthwith be denied.</u>

Respectfully Submitted
The Plaintiff — Pro Se
Duane Ziemba
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

<u>Certification</u>

I hereby certify that a copy of the foregoing was mailed to the following on this <u>13th</u> day of <u>September 2004</u>:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: Duane Ziemba
    Duane Ziemba