<u>United States District Court</u>
<u>District Of Connecticut</u>

2004 [ ] 2:57

Duane Ziemba | Civil Action No.
              | 3:02 cv 2185 (DTS)(TPS)
vs.           |
              |
John J. Armstrong, et al. | August 31, 2004

<u>Plaintiff's Local Rule 56(a)2 Statement</u>

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. See Exhibit A, <u>Interstate Corrections Compact</u>. Inmates confined in an institution pursuant to the terms of this compact <u>Shall</u> at all times be subject to the <u>jurisdiction</u> (responsibility) of the <u>Sending State</u>. And, officials of the receiving State shall act <u>Solely as agents</u> of the (responsible) sending State' and no final determination shall be made in any matter except by the

appropriate (responsible) officials of the Sending State (Connecticut in this case).

5. Admitted.

6. Denied. See Exhibit C and Defs' Mem., Attachment B, the plaintiff's February 20, 2002 letter to each defendant. This letter in fact placed each defendant on actual and constructive notice that plaintiff needed mental health treatment for serious matters.

7. Admitted.

8. Admitted.

9. Denied. See page 2 of letter which states: "As you are aware, I do not wish to delay my transfer back to CT."

10. Admitted that by letter dated February 28, 2002, Milling responded to plaintiff's February 20, 2002 letter. Denied that the response was meaningful or adequate, response constitutes deliberate indifference by failing to address mental health matter.

#2

11. Admitted that the DOC arranging for the plaintiff to be seen by an ophthalmologist is not relevant to this lawsuit.

12. Admitted that pursuant to Interstate Corrections Compact the United States Marshals were acting as the sending state (Connecticut) <u>agents.</u>

13. Denied. See Exhibit C and Defs' Mem., Attachment B, the plaintiff's February 20, 2002 letter to each defendant placing them on actual and constructive notice that plaintiff needed mental health treatment for serious matters. And See Exhibit A, the Interstate Corrections Compact -- At all times the Nevada officials were acting as the <u>defendants agents</u> and the defendants therefore in fact had the responsibility.

14. Denied. See Complaint, plaintiff was denied adequate -needed- mental health treatment. And See Exhibit C and Defs' Mem., Attachment B, the plaintiff's February 20, 2002 letter to each defendant placing them on actual and constructive notice of he needed mental health

#3

treatment.

## Disputed Issues Of Material Fact

15. The defendants did have the responsibility, authority and obligation to provide the plaintiff with, and to ensure the provision of, Constitutionally adequate mental health treatment while plaintiff was incarcerated in Nevada pursuant to the Interstate Corrections Compact. See Exhibit A, B and C.

16. In Nevada, the plaintiff was being subjected to horrific mental health treatment, and being denied adequate mental health treatment, medication, crisis intervention, and needed therapy. Complaint at 27 and Plaintiff's Affidavit at 8 and 10.

17. In Nevada, the plaintiff was being treated with the mental health medication Paxil. Exhibit E, Complaint at 20, Plaintiff's Affidavit at 7.

18 While plaintiff was incarcerated in Nevada, pursuant to the Interstate Corrections Compact, the Nevada Officials were Solely

#4

at all times acting as the defendants agents. Exhibit A.

19. Each one of the defendants acted with deliberate indifference to the plaintiff's February 20, 2002 letter, by failing to ensure the provision of, Constitutionally adequate mental health treatment. Complaint. Exhibit A, B, C, D and Plaintiff's Affidavit at 9, 10, 11 and 12.

20. In Nevada, before plaintiff's transfer back to Connecticut and during his transfer back, he was totally denied adequate, desperately needed mental health treatment. Plaintiff's Affidavit at 13 and Exhibit E, F, G and H, and See Complaint.

21. During entire transport back to Connecticut, plaintiff was completely denied the Paxil medication, and he suffered serious withdrawals. Continuously he suffered from panic attacks, he struggled to breath, he profusely sweated, he suffered serious pain throughout his organisms. Complaint at 22 and Plaintiff's Affidavit at 14.

#5

22. Plaintiff's Paxil medication was unjustifiably mailed to plaintiff's mother Pamela Ziemba. See Exhibit F, Pamela Ziemba's Affidavit.

Respectfully Submitted
/Duane Ziemba/ Duane Ziemba
Northern C.I., P.O. Box 665
Somers, CT. 06071

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 13th day of September 2004:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

By: D. Ziemba
Duane Ziemba

#6